**CABALLERO & GETTLEMAN LAW OFFICE, INC**.
Elizabeth M. Caballero, SBN 240249
Jonathan Che Gettleman, SBN 243560
223 River Street, Suite D
Santa Cruz, California 95060
TELEPHONE: 831-427-2658
FACSIMILE: 831-515-5228
Cglaw2015@gmail.com

Attorneys for Plaintiff,
Pedro Ibarra

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| PEDRO IBARRA, an individual,<br>Plaintiff,<br>vs.<br><br>COUNTY OF SAN BENITO, a municipal corporation; KEN GRIFFIN, in his individual capacity, DOES 1-25, Jointly and Severally,<br><br>Defendants. | Case No. 25cv04536<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PENDANT STATE LAW CLAIMS.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, PEDRO IBARRA, by and through his attorneys, CABALLERO & GETTLEMAN LAW OFFICE, INC, for his Complaint for Damages against Defendants, states as follows:

**INTRODUCTION**

At the heart of the matter in this action is the unconstitutional and unlawful racially discriminatory denial of Mr. Ibarra's California Department of Food and Agriculture ("CDFA") H.E.M.P. program registration by the acting San Benito County Agricultural Commissioner ("SBCAC"), Ken Griffin. County Agricultural Commissioners in California are charged with administering the CDFA's H.E.M.P. program at Title 3, Division 4, Chapter 8 of the California Code of Regulations and Division 24 of the California Food and Agricultural Code. Mr. Griffin's refusal to abide his ministerial duty and his two-year refusal to register Mr. Ibarra's qualifying registration

applications prevented Mr. Ibarra from working in his chosen profession of industrial hemp cultivation.

Mr. Ibarra, who is Latino, is the only minority grower in San Benito County and a federally registered Socially Disadvantaged Farmer through the United States Department of Agriculture ("USDA"). From 2019 to 2023, Mr. Ibarra applied for and was successfully registered to grow and cultivate hemp in San Benito County. However, after an argument and dispute with Mr. Griffin on or about July 7, 2023, Mr. Griffin summarily denied Mr. Ibarra's registration applications in 2024 and 2025. Specifically, Mr. Griffin falsely reported that Mr. Ibarra was violating the terms of his hemp registration by illegally cultivating and growing Cannabis (Marijuana). Mr. Griffin told Mr. Ibarra that he would not allow a "Latino," a "Mexican," to continue to cultivate hemp in "his (San Benito) County" and denied Mr. Ibarra's registrations in accordance with this racially discriminatory motive. Mr. Griffin specifically told Mr. Ibarra, in reference to illegally cultivating cannabis that, "All you Mexicans are the same;" "You [Mr. Ibarra] are embarrassing me by drawing the attention of Fish and Game;" "You need to go back to Watsonville and work in the fields;" and "You will not be granted any further H.E.M.P. registration out of the office of the SBCAC." Finally, Mr. Griffin told Mr. Ibarra, "I don't care if you lose millions of dollars." Mr. Griffin has since admitted that he knew this report was false at the time that he made it.

Mr. Griffin denied Mr. Ibarra's 2024 registration applications to cultivate hemp, with no due process as expressly required by the pertinent regulations at California Food and Agricultural Code §4951, et seq., including the right to appeal his decision. Mr. Griffin conceded that Mr. Ibarra's hemp application was indeed qualifying but alleged that "historical violations," that at no time prior to the denial of the registration were brought to Mr. Ibarra's attention, prohibited Mr. Ibarra from becoming registered. No other H.E.M.P. farmer in San Benito County was subject to similar violations for the same alleged technical violations. Despite Mr. Ibarra, and later his legal counsel,



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

demanding a hearing on the denial, Mr. Griffin told Mr. Ibarra he had no right to a statutory appeal of the registration denial and, in fact, never held a hearing.

In addition, Defendants County and Mr. Griffin again denied Mr. Ibarra's registration in 2025. The denial was based on the exact same "historical violations" allegedly committed from 2021 to 2023. Mr. Ibarra received a hearing by the California Department of Food and Agriculture (CDFA) on May 22, 2025, and is awaiting the administrative ruling in that matter. During that hearing, Mr. Griffin testified under oath that he knew he had a mandatory ministerial duty to issue Mr. Ibarra's conforming registration per the rules and intentionally violated his duty because he did not think that Mr. Ibarra should have a registration, despite Mr. Ibarra meeting all of the legal requirements to have one. Mr. Griffin also admitted that at the time he made statements alleging that Mr. Ibarra was engaged in unlawful business practices, to wit unlawfully growing cannabis (marijuana), that Mr. Ibarra had *not in fact* illegally grown cannabis in violation of his hemp registration. To add insult to injury, when Mr. Ibarra went to the County Agricultural Commissioner's Office in February of 2025 to submit additional paperwork that had been requested by the County for a separate H.E.M.P. registration, County employees locked the door and physically prevented Mr. Ibarra from entering the premises during regular business hours open to the general public. At the May 22, 2025, CDFA hearing, Mr. Griffin admitted to excluding Mr. Ibarra from the premises and stated no legal justification.

During the discovery process for the CDFA hearing, Defendant County produced volumes of official email communications between Mr. Griffin and other San Benito County employees demonstrating a conspiracy and clear pattern and practice of not issuing violations to *any* grower and consequently, not providing the statutorily mandated process for growers to dispute any alleged violations that may eventually be tallied to deny registrations. The communications detail that the County's general practice was to "work" with growers to come into compliance, not to issue notices



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

of violations, ever. Therefore, when the County denied Mr. Ibarra's hemp cultivation registration in 2024 and 2025, due to alleged "historic violations," the County could not produce a single violation that had been issued to Mr. Ibarra according to the statute with a notice, opportunity to be heard, a corrective action plan, and appeal. Consequently, the County's practice amounts, in light of violations of which he was never noticed, to an unconstitutional denial of Mr. Ibarra's right to due process and equal protection of the law.

As a consequence of the County's unlawful practice and conduct, Mr. Ibarra has been unable to obtain a registration to grow hemp, lease land in San Benito County for the purpose of growing, or obtain bank loans for his business, in order to cultivate hemp. Mr. Ibarra has lost the income and profits he would have otherwise made due to the improper and racist denial of his registrations. Mr. Ibarra is further harmed by Defendants' unconstitutional and unlawful conduct where he must now report that he had "violations" of his registration when seeking any future registrations and loans. Since he was unable to contest the alleged violations, because Defendants never properly noticed the violations nor provided the statutorily mandated opportunity to contest and appeal the alleged violations, Mr. Ibarra is irreparably harmed. Lastly, Mr. Ibarra also suffered emotional harms of numerous varieties due to the defamation against him and the manner of denial of his legally conforming registration.

In a word, Defendants have made their racial animus against Mr. Ibarra clear: they will not permit Mr. Ibarra to earn a living growing hemp in San Benito County despite knowing that Mr. Ibarra legally qualifies for the registration because, as they told him, they were not going to let Latinos like him grow in their County. The County and Defendants' conduct is illegal, unlawful and unconstitutional. Mr. Ibarra humbly comes before this Honorable Court for redress of his harm.

## JURISDICTION

1. This is a civil rights action arising under 42 U.S.C. §§1981, 1983 and 1985, the



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. This action arises under Title 42 of the United States Code, sections 1981, 1983 and 1985. Jurisdiction is conferred upon this Court by 28 U.S.C §§ 1331 and 1343 and 42 U.S.C. Section 12188(a). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367, to hear and decide claims arising under state law. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2. A substantial part of the events and/or omissions complained of herein occurred in the County of San Benito, California, and this action is properly assigned to the San Jose Division of the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1391(b). This Court has jurisdiction to grant the declaratory relief requested pursuant to 28 U.S.C. §2201 and Federal Rules of Civil Procedure, Rule 57.

## PARTIES

3. Plaintiff PEDRO IBARRA is a resident of the State of California and the County of San Benito. Plaintiff Ibarra comes from a long family line of California farmers. Plaintiff IBARRA is the only minority United States Department of Agriculture (USDA) registered hemp grower in the County of San Benito. Plaintiff IBARRA brings these claims individually for the violation of his Constitutional, statutory and California common law rights. He brings these claims under state and federal law.

4. Defendant COUNTY OF SAN BENITO ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California and is the employer of the individual COUNTY defendants, as well as certain DOE DEFENDANTS. Defendant COUNTY operates and is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Benito County Agricultural Commissioner ("Commissioner's Office") and their agents and employees.

5. The COUNTY is a public entity and is sued under Title 42 U.S.C. §§ 1981, 1983 and 1985 and for violations of the Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of COUNTY



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

OF SAN BENITO (including Agricultural Commissioner's Office), and DOES 1-25, (Collectively referred to herein as "DEFENDANTS") and each of them, who at the time they caused Plaintiff's injuries and damages were duly appointed, qualified and acting officers, employees, and/or agents of COUNTY acting within the course and scope of their employment and/or agency. In engaging in the conduct described herein, DEFENDANTS, inclusive, exceeded the authority vested in them as public employees under the United States and California Constitutions and as Agricultural Commissioners employed by Defendant COUNTY.

6. Defendant KEN GRIFFIN, is the acting San Benito County Agricultural Commissioner, who at all relevant times, was employed by the County of San Benito as such. Plaintiff IBARRA sues Defendant GRIFFIN in his personal capacity, acting under color of state law at all relevant times.

7. Plaintiff is informed and believe and thereon alleges that each DOE Defendant so named, at all material times, was employed by Defendant COUNTY (including Agricultural Commissioner's Office) at the time of the conduct alleged herein and acted under color of state law. Plaintiff alleges that the conduct of each defendant deprived PEDRO IBARRA of his constitutional rights, statutory and California Common law rights to be free from racial and ethnic discrimination, defamation, right to due process, right to equal protection of the laws and right to contract.

8. Plaintiff alleges that the conduct of each defendant deprived Plaintiff PEDRO IBARRA of his rights pursuant 42 U.S.C. §§1981, 1983 and 1985.

9. Plaintiff alleges that the conduct of each defendant deprived Plaintiff PEDRO IBARRA of his rights pursuant to the Equal Protection and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution that prohibit racial and ethnic discrimination, all causing him to suffer grievous harm and injuries.

10. Plaintiff is ignorant of the complete true names and capacities of Defendant DOES 1 through 25, inclusive, and, therefore, sue these defendants by such fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believe, and thereon alleges that all Defendants sued herein as





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

11. Plaintiff alleges, on information and belief, that each of the Defendants sued herein was wrongfully, deliberately indifferent, unreasonably, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

12. Plaintiff alleges, on information and belief, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, and employees under their direction and control. Plaintiff further alleges, on information and belief, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was an integral participant, jointly and fundamentally engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other actionable harm.

13. The acts and omissions of all individual Defendants were at all times pursuant to the actual customs, policies, practices, and/or procedures of the COUNTY OF SAN BENITO.

14. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

15. A proper and timely tort claim was present to the COUNTY OF SAN BENITO on behalf of Plaintiff IBARRA for the denial of his 2024 hemp registration on October 23, 2024, pursuant to Government Code §910 *et seq*., which was denied by letter and Notice of Rejection on December 12, 2024. Plaintiff IBARRA presented a second tort claim pursuant to Government Code §910 *et seq*. on March 7, 2025, for the denial of Plaintiff IBARRA'S entry into the San Benito County Agricultural Department, which was denied by operation of law. Plaintiff IBARRA presented a third tort claim on May 21, 2025, for the denial of due process in Defendants' denial of his 2025 hemp registration. This action was thereafter filed within all applicable statutes of limitation.

**<u>GENERAL ALLEGATIONS</u>**

16. At the time of the relevant events, Plaintiff PEDRO IBARRA, was a USDA minority registered hemp grower, the only such minority grower in the County of San Benito.

**<u>DEFENDANTS' FIRST UNCONSTITUTIONAL DENIAL OF MR. IBARRA'S PERMIT APPLICATION.</u>**

17. On or about January 2, 2024, Defendant Ken GRIFFIN, the Agricultural Commissioner for the County of San Benito denied Plaintiff IBARRA'S CDFA registration to grow industrial hemp. Defendant GRIFFIN did not offer Plaintiff IBARRA any opportunity to correct any perceived deficiencies as required by the California Food and Agricultural Code.

18. After Plaintiff IBARRA requested an appeal of Defendant GRIFFIN'S decision to deny Plaintiff IBARRA a registration to grow industrial hemp, Defendant GRIFFIN informed Plaintiff IBARRA on April 25, 2024 and May 29, 2024 that there was still a review being conducted of Mr. IBARRA'S registration application. During this review process, on several occasions Defendant GRIFFIN changed the reasons for his denial of Plaintiff IBARRA's registration.

19. After Plaintiff IBARRA requested an appeal of Defendant GRIFFIN'S denial of Mr. IBARRA'S registration to grow hemp, Defendant GRIFFIN falsely and erroneously told Plaintiff IBARRA that there were no standardized rules in place for an appeal or timelines and review of the original 2024 registration; rather Mr. Griffin told Mr. Ibarra that Mr. Ibarra could have an informal



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

process where he submitted documents only. Mr. Griffin never held the "informal" review despite Mr. Ibarra's multiple requests.

20. However, Defendant GRIFFIN'S stated denials of Plaintiff IBARRA'S registration were mere pretext for the racially motivated reasons that he denied Plaintiff IBARRA'S registration. Specifically, Defendant GRIFFIN made direct racially disparaging statements to Plaintiff IBARRA including, but not limited to, "All you Mexicans are the same. You (Mexicans) are dragging my name through the mud. I am getting calls from Fish and Wildlife (about illegal grows). Just go back to Watsonville and stay working in the fields. I don't care if you invested millions of dollars, I am not issuing you a breeders permit or a Hemp cultivator permit for next season."

21. Plaintiff IBARRA complained to a member of the County of San Benito Board of Supervisors about Defendant GRIFFIN'S racially motivated conduct in the denial of his registration to grow industrial hemp. After making this complaint to the County Board of Supervisors, Defendant GRIFFIN denied Plaintiff IBARRA'S registration to grow industrial hemp.

22. Thereafter, Defendant GRIFFIN made false and defamatory statements in a publicly available document regarding Mr. IBARRA to include, but not limited to, that Mr. IBARRA was engaged in "deceptive" business practices and that Mr. Ibarra illegally grew cannabis (marijuana) in violation of Mr. IBARRA'S hemp registration. At the time that Defendant GRIFFIN made such false, defamatory and injurious statements, Defendant GRIFFIN admitted that he knew these aforementioned statements were indeed false.

**DEFENDANTS' SECOND UNCONSTITUTIONAL DENIAL OF MR. IBARRA'S HEMP REGISTRATION.**

23. On or about January 15, 2025, Defendant Griffin again denied Plaintiff IBARRA's registration to grow industrial hemp.

24. Defendant GRIFFIN alleged that Plaintiff IBARRA was in "violation" of several aspects of the hemp registration.

25. Defendant GRIFFIN, at the May 22, 2025, CDFA hearing, admitted that he knew that he had a legal duty that included when citing someone for having violations to the growers' registration



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

that the law required a formal notice of the violation, the opportunity for a hearing to dispute the violation and an appeal process.

26. Defendant GRIFFIN, at the May 22, 2025, CDFA hearing admitted that he knowingly violated this aforementioned legal duty and conspired with a County employee (Doe Defendant 1) to not provide any due process or formal citations for violations and instead implemented a practice where county employees "work" with growers to instead come into compliance and never inform them that their behavior is noncompliant or could lead to the denial of their registration as individual acts or collectively.

27. Defendant GRIFFIN, at the May 22, 2025, CDFA hearing, admitted that he had a ministerial duty to grant Plaintiff IBARRA's compliant registration to grow industrial hemp but that he refused to do so because he did not personally believe that Plaintiff IBARRA should be permitted to grow hemp in the County of San Benito. Mr. Griffin testified at the hearing that he understood he was violating the law because he wanted to change the laws.

**DEFENDANTS' DENIAL OF ENTRY TO THE COUNTY'S AGRICULTURE OFFICE**

28. On or about February 14, 2025, Mr. IBARRA went to the County of San Benito's Agriculture Office in order to submit additional documents requested by Defendants to supplement Mr. IBARRA'S application for his industrial hemp registration.

29. When Plaintiff IBARRA arrived at the County's Agricultural Office (Ag Office) during regular business hours when such county office was open to the public, a County employee (DOE 2) denied Mr. IBARRA entry into the office. On information and belief, Defendant Rafael Martinez barred Mr. IBARRA from physically entering the Ag office at the direction of Defendant GRIFFIN. Due to these unlawful actions, Plaintiff IBARRA was humiliated and embarrassed and was unable to conduct business with the SBCAC like any other person in the County.

30. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff PEDRO IBARRA, sustained the following injuries and damages, past and future, including, but not limited to:

a. Emotional distress from the violations of his personal Constitutional rights,





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

including grief, sorrow, anxiety, sleeplessness, humiliation, and indignity;

b. All other legally cognizable special, general and punitive damages;

c. Violations of state and federal constitutional rights; and,

d. All damages and penalties recoverable under 42 U.S.C. §§ 1981, 1983 and 1985, California Civil Code §§ 52 and 52.1, and as otherwise allowed under California and United States statutes, codes, and common law.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Discrimination in violation of 42 U.S.C. §§1981, 1983 and the FOURTEENTH Amendment)**
**(PLAINTIFF AGAINST ALL DEFENDANTS)**

31. Plaintiff IBARRA hereby re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

32. As set forth above, Plaintiff IBARRA is Latino, and thus a member of a protected class. At all relevant times, IBARRA was the only minority/USDA registered Socially Disadvantaged hemp grower in the County of San Benito.

33. As set forth above, Plaintiff IBARRA was subjected to deprivation of rights by Defendant GRIFFIN, and certain DOE defendants, inclusive, acting under color of law of the United States and State of California. All aforementioned Defendants were at all times acting under color of law and in the course and scope of their employment when committing the acts alleged herein that are the direct and proximate cause of Mr. IBARRA's injuries and violation of his rights including, but are not limited to, privileges and immunities secured to Plaintiff IBARRA by the Constitution and laws of the United States.

34. By reason of the aforementioned acts, these Defendants, and each of them, violated the constitutional rights and liberty interests of Mr. IBARRA, including those provided by the 42 U.S.C. §§1981, 1983 and the FOURTEENTH Amendments to the U.S. Constitution, namely, to be free from racial and ethnic discrimination in the making and enforcing of contracts. Defendants had no legal



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

justification for the denial of Plaintiff IBARRA'S 2024 and 2025 hemp registration and admitted that Mr. IBARRA'S compliant application and the law required Defendants to issue the registration. Nevertheless, Defendants, acting under color of law, intentionally discriminated against Mr. IBARRA when they denied his hemp registration because they did not want any "Latino" or "Mexican" hemp growers, and specifically MR. IBARRA, growing in their County, all in violation of the rights and protections guaranteed by 42 U.S.C. §§1981, 1983 and the FOURTEENTH Amendment of the United States Constitution.

35. 42 U.S.C. §1981 guarantees the following: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. Section (b) states that "MAKE AND ENFORCE CONTRACTS" DEFINED: For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. By Defendants' unlawful and unconstitutional racially and ethnically discriminatory conduct, Mr. IBARRA was denied his right to contract, to wit obtain a CDFA H.E.M.P. registration, procure land in the County of San Benito, and to obtain loans upon which he could grow industrial hemp in accordance with his registration.

36. At the time of both the 2024 and 2025 denials of his hemp registration, it was clearly established law that persons acting under color of law were prohibited from racially and/or ethnically discriminating against any person in general, and specifically Mr. IBARRA. Any reasonable county employee, including Defendant Ken GRIFFIN and DOE Defendants, would have known that the law demands the equal and fair deployment of the law without racial and/or ethnic animus in any review





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

of a hemp registration. 42 U.S.C. §1981; *See Yoshikawa v. Seguirant*, 41 F.4th 1109, 1118 (9th Cir. 2022) ("We have long held that a public official is not entitled to qualified immunity in a §1981 case if he is accused of intentional racial discrimination."), vacated on reh'g en banc on other grounds, 74 F.4th 1042 (9th Cir. 2023).

37. As a direct and proximate result of the afore-described unlawful and discriminatory conduct by Defendant GRIFFIN and DOE Defendants committed under color of law and under each individual's authority, Mr. IBARRA suffered severe economic loss, emotional distress and was deprived of his right to be free from racial and ethnic discrimination as guaranteed by 42 U.S.C. §§1981, 1983 and the Fourteenth Amendment of the United States Constitution.

38. As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff sustained injuries and damages, as set forth above in ¶30. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

39. Each and every non-public entity defendant's afore-described acts were intentional, wanton, malicious and oppressive and made with reckless indifference to Mr. IBARRA'S rights thus entitling Mr. IBARRA to an award of punitive damages. Plaintiff is entitled to punitive damages and penalties allowable under 42 U.S.C. §1983, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

40. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. §1988 and other applicable California codes and laws.

## SECOND CLAIM FOR RELIEF
## (42 U.S.C. § 1983, and the Fourteenth Amendment-*Monell and Supervisory Liability*)
## (PLAINTIFF AGAINST DEFENDANT COUNTY OF SAN BENITO)

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth here.



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

42. Plaintiff had a constitutional right to Due Process pursuant to 42 U.S.C. § 1983 and the FOURTEENTH Amendments of the United States Constitution.

43. Defendant COUNTY of SAN BENITO maintained an unconstitutional policy, ordinance or regulation which allowed its employees to deny agricultural (CDFA) registrations without due process.

44. All aforementioned Defendants were at all times acting under color of law and in the course and scope of their employment when committing the acts alleged herein that are the direct and proximate cause of Mr. IBARRA'S injuries and violation of his rights to include, but are not limited to, privileges and immunities secured to Plaintiff IBARRA by the 42 U.S.C. § 1983 and the Constitution and laws of the United States.

45. At the time of the incident at issue in this lawsuit, and specifically between 2021 to 2025, it was clearly established that a county agricultural employee must register a conforming HEMP application. A County Agricultural Commissioner may only deny an otherwise qualifying agricultural registration for a lawful reason, to wit, a properly noticed violation of the state hemp regulations. Nevertheless, the COUNTY maintained an unlawful practice and policy of not issuing *any* properly noticed violations to any grower pursuant to California Food and Agricultural Code §4951, *et seq*. The COUNTY did not provide notice, an opportunity to be heard or appeal as required by CA F&A Code §4951, *et seq* when it believed that a HEMP cultivator committed a violation of the HEMP regulations. Further, Defendant COUNTY repeatedly instructed HEMP cultivators in San Benito County that they should in fact take actions that the Defendant COUNTY knew were in violation of the relevant duly enacted state regulations. Defendant COUNTY and employees were grossly negligent or acted with reckless disregard for the risk of injuries when Defendant COUNTY employees were objectively unreasonable when they acknowledged that Plaintiff IBARRA qualified for the hemp registration but denied his registration due to years old " historic violations" that the



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

County never noticed Plaintiff IBARRA as having committed and never informed MR. IBARRA were even nonconforming with the regulations. Defendant COUNTY repeatedly, knowingly and intentionally violated various other sections of the regulations relating to HEMP cultivation. Further, Defendant COUNTY had a long-standing policy and practice of repeatedly treating MR. IBARRA different and more harshly than every other HEMP cultivator in San Benito County. MR. IBARRA is the only HEMP grower in San Benito County from 2021 to 2025 denied CDFA registration for technical report timing violations that all HEMP cultivators committed and that they were all instructed to commit by Defendant COUNTY.

46. Defendant KEN GRIFFIN, was the COUNTY of SAN BENITO's final policy maker who at all relevant times was acting under color of law. Defendant GRIFFIN violated Plaintiff IBARRA'S right to Due Process as secured pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution when he denied Mr. IBARRA'S hemp registrations in 2024 and 2025 for alleged "historical violations" that were never properly noticed, for which he was denied an opportunity to be heard and appeal in violation of CA F&A Code §4951, *et seq*. When Defendant GRIFFIN engaged in these denials of Mr. IBARRA'S hemp registrations in 2024 and 2025, Defendant GRIFFIN was acting as the final policy maker for the COUNTY of SAN BENITO. Defendant GRIFFIN testified that he was the final policy maker for the SBCAC. At the time of Defendant GRIFFIN'S denial of Mr. IBARRA'S registration, he cited that the denial was based on Mr. IBARRA'S hemp registration "violations." However, Defendant GRIFFIN never properly noticed Mr. IBARRA of the alleged violations nor provided an opportunity to be heard pursuant to CA F&A §4951, *et seq*., despite admitting to knowing that he had a legal duty to provide such due process to Mr. IBARRA and admitting that he denied Mr. IBARRA due process because it was not the practice of the COUNTY to afford such due process.



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

47. The denial of Mr. IBARRA'S hemp registration in 2024 and 2025 due to these alleged violations by both Defendant COUNTY and Defendant GRIFFIN, acting as the final policy maker for the COUNTY, are intrinsically tied together and are so closely related as to be the moving force that caused Plaintiff IBARRA'S injuries.

48. As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff sustained injuries and damages, as set forth above in ¶30. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

49. Plaintiff is entitled to damages and penalties allowable under 42 U.S.C. §§ 1981, 1983, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

50. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. §1988 and other applicable California codes and laws.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. §1983 and the Due Process Clause of the FOURTEENTH AMENDMENT)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

51. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth here.

52. Defendants above-described conduct violated Mr. IBARRA'S rights under the FOURTEENTH Amendment Due Process Clause when Defendants denied Mr. IBARRA his right to due process as secured by the Fourteenth Amendment of the United States Constitution and the CA F&A §4951, *et seq.,* in conscious disregard and with deliberate indifference for Mr. IBARRA'S constitutional and statutory rights.

53. At the time of Defendants' denial of Mr. IBARRA'S hemp registrations in 2024 and 2025, it was clearly established law that state actors must afford persons such as Mr. IBARRA with first a notice and then an opportunity to be heard and appeal before depriving Plaintiff of his rights to



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

earn a living in his chosen profession. (See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314.) As the Supreme Court has emphasized time and again, however, an individual is entitled to notice before "any proceeding which is to be accorded finality." *See also Fuentes v. Shevin*, 407 U.S. 67; *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87) (This case confirms why the right to notice and an opportunity to be heard are so fundamental—because "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Fuentes*, at 81, (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170–72, (1951) (Frankfurter, J., concurring))

54. Any reasonable County employee, including but not limited to Defendant GRIFFIN, would know that by denying Mr. IBARRA notice and an opportunity to be heard regarding the alleged violations of his hemp registration allegedly accruing over the course of years that they would be denying Mr. Ibarra both his statutory rights pursuant to section 4951 of the California Code of Regulations and various California and federal constitutional rights. Therefore, all Defendants are liable for the unlawful denial of Mr. IBARRA'S hemp registration where all Defendants denied Mr. IBARRA notice and the opportunity to be heard for any alleged "violation" of his hemp registration.

55. As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff sustained injuries and damages, as set forth above in ¶30. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

56. In committing the acts alleged above, all the individually named Defendants and DOES 1-25 acted maliciously, oppressively, and/or with reckless disregard for the rights and well-being of Plaintiff, and by reasons thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42 U.S.C. §1983, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

57. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. §1983, 1988 and other applicable California codes and laws.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. §1983 and the Equal Protection of the**
**FOURTEENTH AMENDMENT)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

58. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth here.

59. Defendants above-described conduct violated Mr. IBARRA'S rights under the FOURTEENTH Amendment Equal Protection Clause when Defendants denied Mr. IBARRA his rights as secured by the Fourteenth Amendment of the United States Constitution and the CA F&A §4951, *et seq.,* in conscious disregard and with deliberate indifference for Mr. IBARRA'S constitutional and statutory rights.

60. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Serrano v. Francis*, 345 F.3d 1071, 1081 (9th Cir. 2003) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). A "class of one" equal protection claim must plausibly allege that disparate treatment of an individual or individuals is without any rational basis. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, (2000) (per curiam). During both registration denials, Defendants treated Mr. IBARRA as a class of one wherein they intentionally and unlawfully denied his hemp registration for alleged "historical violations." However, Defendants never denied CDFA registrations to any other growers similarly situated as Mr. IBARRA for "violations" and instead have an admitted practice of not denying registrations for any grower for alleged "violation(s)." Defendant COUNTY had a long-standing policy and practice of repeatedly treating MR. IBARRA differently and more harshly than every other





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

HEMP cultivator in San Benito County. MR. IBARRA is the only HEMP grower in San Benito County from 2021 to 2025 denied CDFA registration for technical report timing violations that all HEMP cultivators committed and that they were all instructed to commit by Defendant COUNTY. Rather, the County and all Defendants had a policy for every other HEMP cultivator of "working with" the grower to cure any defects ("violations"), with the sole exception being Mr. IBARRA. Instead of exercising the COUNTY's well-established policy of "working with" growers to cure any defects and/or "violations, all Defendants instead simply denied Mr. IBARRA'S hemp registration.

61. As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff sustained injuries and damages, as set forth above in ¶30. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

62. In committing the acts alleged above, all the individually named Defendants and DOES 1-25 acted maliciously, oppressively, and/or with reckless disregard for the rights and well-being of Plaintiff, and by reasons thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42 U.S.C. §1983, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

63. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. §1988 and other applicable California codes and laws.

**FIFTH CAUSE OF ACTION**
**(42 U.S.C. § 1985 CONSPIRACY)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint, as though fully set forth here.

65. Plaintiff alleges, on information and belief, that Defendant Griffin and Doe Defendant 1 engaged in a conspiracy for the purpose of depriving Mr. IBARRA of the equal protection of the law, to wit, denying Mr. IBARRA'S hemp registration in 2024 and 2025 because Mr. IBARRA is Latino. Defendant GRIFFIN and Defendant DOE 1 agreed that violations for registrations to grow





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

were not noticed or afforded due process to the general public, with the exception of Mr. IBARRA. Defendant GRIFFIN and DOE 1 agreed that the unnoticed violations would be used against Mr. IBARRA to deny his 2025 hemp registration. In furtherance of the conspiracy, Defendant GRIFFIN committed the act of alleging that Mr. IBARRA had violated the terms of his hemp registration without affording him due process of law and by treating him as a "class of one." Moreover, Defendant GRIFFIN made false statements in support of the HEMP registration application denial that Mr. IBARRA was engaging in deceitful business practices and growing cannabis (marijuana) illegally, despite knowing and testifying that he had no evidence that those statements were true. Defendant Griffin further instructed a County employee to not allow Mr. Ibarra to enter the San Benito County Agricultural Office while it was open to the public when Mr. IBARRA attempted to provide the requested supplemental information for his 2025 registration HEMP breeders registration application. Lastly, Defendants denied Mr. IBARRA a hemp registration for 2024 and 2025.

66. The Defendants' above-described conspiracy and overt acts were a moving force and/or proximate cause of the deprivation of Plaintiff's constitutional rights, in violation of 42 U.S.C. §1985.

67. Defendants are liable for the violations of Plaintiff's rights as described above.

68. As a direct and proximate result of the foregoing unconstitutional actions of Defendants Plaintiff sustained serious and permanent injuries and damages and is entitled to damages, penalties, costs, and attorney's fees, as set forth above, in ¶30 and punitive damages against Defendants in their individual capacity.

**SIXTH CAUSE OF ACTION**
**(Intentional Interreference with Right to Contract,**
**CA State Law Claim)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

69. Plaintiff re-alleges and incorporates by reference the allegations contained in this complaint, as though fully set forth herein.

70. Plaintiff IBARRA had a contract to lease 10 acres in the County of San Benito with George Mancino from the time period of June 2023 to June 2026 to grow hemp in accordance with his hemp registration.





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

71. Defendants knew of the contract between Mr. IBARRA and George Mancino as Mr. IBARRA had to attach the lease agreement to his registration application.

72. Defendants conduct in denying Mr. IBARRA his 2024 and 2025 hemp registrations interfered with Mr. IBARRA'S lease with George Mancino. Mr. IBARRA had to pay $4,000 per year, the full value of the rented land, even though he was prohibited from growing hemp on the land.

73. Defendants intended to disrupt Mr. IBARRA'S ability to grow hemp on the land that he had leased from George Mancino.

74. Mr. IBARRA was indeed prevented from growing hemp on the land he leased from George Mancino because all Defendants denied Mr. IBARRA his hemp registration.

75. Mr. IBARRA was harmed by Defendants' conduct in that he suffered irreparable economic harm vis-à-vis lost profits, earnings, and contracts.

76. The Defendants' conduct was a substantial factor in causing Mr. IBARRA'S harm. As a direct and proximate result of the foregoing Defendants' conduct, Plaintiff sustained serious and permanent injuries and damages and is entitled to damages, penalties, costs, and attorney's fees, as set forth above, in ¶30 and punitive damages against Defendants in their individual capacity.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF CIVIL CODE §52.1(b) BANE ACT)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

77. Plaintiff re-alleges and incorporates by reference the allegations contained in this complaint, as though fully set forth herein.

78. Defendant GRIFFIN and employee Rafael Martinez intentionally and physically prevented MR. IBARRA from entering the SBCAC office on February 14, 2025 while the office was open to the public during open business hours.

79. By their acts, omissions, customs, and policies, all Defendants and DOES 1-25, acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

Plaintiff's rights under California Civil Code §52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

a. Plaintiff's right to be free from racial and ethnic discrimination pursuant to 42 U.S.C. §§1981, 1983, Fourteenth Amendment to the United States Constitution and the California Constitution, Article I, Section 31;

b. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article I, Section I;

80. Defendant's violations of Plaintiff's due process rights, right to equal protection of the law with deliberate indifference, in and of themselves constitute violations of the Bane Act.

81. The threat, intimidation, and coercion described herein were not necessary or inherent to any legitimate and lawful activity, and particularly where Defendants, state actors, deprived Mr. IBARRA of his hemp registration due to racial animus and entry into the San Benito County Agricultural Commissioner's Office during business hours opened to the general public.

82. Further, all of Defendants' violations of duties and rights, and coercive conduct described herein, were volitional acts; none was accidental or merely negligent. Further, each Defendant violated Plaintiff's rights with the specific intent and purpose to deprive him of his enjoyment of those rights and of the interests protected by those rights.

83. Defendant COUNTY is vicariously liable pursuant to Cal. Gov. Code section 815.2.

84. In committing the acts alleged above, all the individually named Defendants and DOES 1-25 acted maliciously, oppressively, and/or with reckless disregard for the rights, safety, and well-being of Plaintiff, and by reasons thereof, Plaintiff is entitled to punitive damages and penalties allowable under state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

85. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff





Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

sustained injuries and damages, and against each Defendant named in this Count is entitled to relief as set forth above, in ¶ 30.

**EIGHTH CAUSE OF ACTION**
**DEFAMATION**
**PLAINTIFF AGAINST ALL DEFENDANTS**

86. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

87. Defendants defamed Mr. Ibarra when they stated that Mr. Ibarra was engaged in deceitful business practices and was engaged in the unlawful cultivation of cannabis (marijuana).

88. At the time that this statement was made, and all times thereafter, Defendant Griffin and all DOE Defendants knew that the aforementioned statements were false.

89. Mr. Griffin admitted under oath that he had no evidence that the forgoing statements were true. MR. IBARRA first learned that Defendant GRIFFIN did not have any evidence supporting the foregoing statements on April 1, 2025 and then during Defendant Griffin's sworn CDFA hearing testimony on May 22, 2025.

90. Defendant Griffin also knew or reasonably should have known that stating false facts in a publicly available document would cause great injury to MR. IBARRA in the field of his profession as an industrial HEMP cultivator and personally. Mr. IBARRA was indeed caused irreparable harm by these false statements in that he was denied a registration to grow hemp in the County of San Benito in 2024 and 2025. Mr. IBARRA suffered irreparable economic harm as a result of these false statements that injured his livelihood as a hemp grower and prevented Mr. IBARRA from engaging in his business of growing hemp.

91. The false statements contained within the 2024 registration denial was not necessary and gratuitous to deny the 2024 CDFA registration as evidenced by the fact that when challenged, Defendant GRIFFIN claimed that only "historic violations" between 2021 and 2023 formed the basis



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

of the 2024 registration denial. In committing the acts alleged above, all the individually named Defendants and DOES 1-25 acted maliciously, oppressively, and/or with reckless disregard for the rights and well-being of Plaintiff, and by reasons thereof, Plaintiff is entitled to punitive damages and penalties allowable under state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

92. As a direct and proximate result of Defendants' violation of California Constitution and related state laws, Plaintiff sustained injuries and damages, and against each Defendant named in this Count is entitled to relief as set forth above, in ¶¶ 30.

**NINTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress)**
**(AGAINST ALL DEFENDANTS)**

93. Plaintiff hereby re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

94. Defendants above-described conduct constituted intentional infliction of emotional distress under the law because Defendants' conduct was extreme and outrageous done with the intent of causing or with reckless disregard for causing Mr. IBARRA emotional distress. Defendant GRIFFIN testified at the May 22, 2025, CDFA hearing that his office at his direction repeatedly and intentionally violated the relevant state regulations related to HEMP cultivation and due process to deny MR. IBARRA's 2024 and 2025 CDFA registrations and to defame MR. IBARRA.

95. Defendants conduct in making knowingly false statements that Mr. IBARRA was engaged in unlawful and criminal activity was designed to inflict damage on Mr. IBARRA'S ability to conduct business.

96. Due to Defendants' extreme and outrageous conduct, Mr. IBARRA has suffered emotionally, to include but not limited to, embarrassment, sleeplessness, humiliation, lack of self esteem, and anxiety.


Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

97. As a direct and proximate result of Defendants' violation of California State law, Plaintiff sustained injuries and damages, and against each Defendant named in this Count is entitled to relief as set forth above, in ¶30.

**TENTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

98. Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

99. At all material times, Defendants and DOES 1-25, owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

100. At all material times, each Defendant owed Plaintiff the duty to act with reasonable care.

101. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to, the following specific obligations;

a. To provide due process and the equal protection of the laws to Plaintiff;

b. To refrain from violating all Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

102. By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

103. Defendants, through their acts and omissions, breached the aforementioned duties owed to Plaintiff.

104. Defendant COUNTY is vicariously liable pursuant to California Government Code section 815.2.

105. In committing the acts alleged above, all the individually named Defendants and DOES 1-25 acted maliciously, oppressively, and/or with reckless disregard for the rights, safety, and well-being of Plaintiff, and by reasons thereof, Plaintiff is entitled to punitive damages and penalties allowable under state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060

106. As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each listed Defendant in this Count is entitled to the relief described above, in ¶30.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requestS the following relief against each and every Defendant herein, jointly and severally.

1. Declaratory and injunctive relief, finding that Defendants violated Plaintiff's rights, to serve the purpose of 42 U.S.C. §§ 1981,1983, 1985; 42 U.S.C. §12132, 2 U.S.C. §794, and Cal. Civil Code §§52 and 52.1, including for vindication of those rights as "Private Attorneys' General," elucidation of those rights for the courts, the public, and government officials, and to deter similar wrongdoing by the Defendants and other officials;

2. Compensatory damages in an amount according to proof, which is fair, just and reasonable;

3. Punitive damages under 42 U.S.C §§1981, 1983, 1985, 1988 federal law, and California law, in an amount according to proof and which is fair, just, and reasonable against all Defendants except the municipal Defendants;

4. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§1981, 1983, 1985 and 1988; California Code of Civil Procedure §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law;

5. For such other and further relief as the Court deems just and proper.

***JURY DEMAND***

PLAINTIFF hereby demands a jury trial in this action.

Dated: May 29, 2025

Elizabeth Caballero

Elizabeth M. Caballero
Jonathan Che Gettleman
CABALLERO & GETTLEMAN LAW OFFICE, INC.
Attorneys for Plaintiff,
PEDRO IBARRA



Caballero & Gettleman
223 River Street, Ste D
Santa Cruz, CA
95060